TOMAS C. LEON
(CA SBN 321117)
tommie@leon.law
(909) 616-5969
LEON LAW, LLP
1145 W. 55th Street
Los Angeles, CA 90037
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CIGARETTE OUTLET SMOKE SHOP d/b/a CIGARETTE OUTLET SMOKE SHOP and JOHN DOE,<br><br>Defendants, | No. 1:23-cv-00281-JLT-BAM<br><br>**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT TO SUBSTITUTE DEFENDANT** |

The Plaintiff, GS HOLISTIC, LLC, by and through its undersigned attorneys and pursuant to Federal Rule of Civil Procedure 15, files its Motion for Leave to File an Amended Complaint, and in support thereof state as follows:

1.  On February 25, 2023, the Plaintiff filed this action against CIGARETTE OUTLET SMOKE SHOP d/b/a CIGARETTE OUTLET SMOKE SHOP and JOHN DOE [DE 1].

2.  The Plaintiff performed an investigation and discovered that the correct Defendants are MAHER NAGI d/b/a CIGARETTE OUTLET SMOKE SHOP and

1

MAHER NAGI.

3. The Plaintiff is now requesting permission to file an Amended Complaint to substitute the Defendant, JOHN DOE, for the correct Defendant, MAHER NAGI.

4. The proposed Amended Complaint is attached hereto and marked as Exhibit "A."

5. The Plaintiff's Amended Complaint substitutes JOHN DOE for MAHER NAGI, who is the actual owner of the store in this Complaint.

6. Federal Rule of Civil Procedure 15(a) contemplates that a court will freely grant leave to file an amended complaint when the interests of justice so require. *See generally Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001); *Foman v. Davis*, 371 U.S. 178 (1962). This standard is readily met here as justice so requires the substitution of a wrongly named defendant for the correct alleged infringer so that the Plaintiff can determine the fault of the actual alleged infringers. Additionally, substitution of the Defendant is in the best interest of judicial economy and will avoid the need for the Plaintiff to refile its Complaint.

7. The U.S. Supreme Court determined that "[i]n the absence of…undue delay, bad faith or dilatory motive…undue prejudice…futility of amendment, etc.— the leave sought should…be 'freely' given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Plaintiff is seeking to amend the Complaint to correct the named

Defendant. There is no bad faith in the Plaintiff's request. Further, there is no undue delay as the case is still early in the litigation and the Plaintiff only recently discovered the information of the store owner. The Amended Complaint attached contains no new claims of action or new factual allegations.

8. Therefore, allowing the Plaintiff to file the Amended Complaint at this time will allow the case to move forward with all alleged infringers and preserve this Court's time and resources.

9. As such, this Court should allow the Plaintiff to file its Amended Complaint, attached to this Motion, as a separate docket entry.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 16, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

/s/ *Tomas Carlos Leon.*
Tomas Carlos Leon
CA Bar #321117
Leon Law LLP
1145 W. 55th Street
Los Angeles, California 90037
tommie@leon.law
*Attorney for the Plaintiff*