UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>CIGARETTE OUTLET SMOKE SHOP d/b/a CIGARETTE OUTLET SMOKE SHOP and JOHN DOE,<br><br>   Defendants. | Case No. 1:23-cv-00281-JLT-BAM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT TO SUBSTITUTE DEFENDANT**<br><br>(Doc. 9) |

Currently before the Court is Plaintiff GS Holistic, LLC's motion for leave to file an amended complaint to substitute the correct defendants. (Doc. 9.) No defendant has appeared in this action and default has been entered against Defendant Cigarette Outlet Smoke Shop. (*See* Doc. 7.) In the absence of any defendant appearing in this action, the matter is deemed submitted. L. R. 230(g).

Having considered the unopposed motion and the record in this case, Plaintiff's motion for leave to file an amended complaint will be granted.

**BACKGROUND**

On February 25, 2023, Plaintiff filed this action for trademark infringement, counterfeiting, and false designation of origin and unfair competition. (Doc. 1.) Plaintiff named the following defendants: (1) Cigarette Outlet Smoke Shop d/b/a Cigarette Outlet Smoke Shop, a

1

1  company/corporation; and (2) John Doe, owner, manager, and/or operator of Cigarette Outlet

2  Smoke Shop.  (*Id.* at ¶¶ 6, 7.)

3       On March 7, 2023, a proof of service was filed indicating that Defendant Cigarette Outlet

4  Smoke Shop was served by substituted service on "Samir Doe," an employee at the business.  A

5  copy of the summons and complaint were thereafter mailed to the same address.  (Doc. 4.)

6       At Plaintiff's request, on April 14, 2023, the Clerk of the Court entered default against

7  Defendant Cigarette Outlet Smoke Shop.  (Doc. 7.)

8       On June 16, 2023, Plaintiff filed the instant motion seeking to amend the complaint to

9  substitute Defendant Maher Nagi in place of Defendant John Doe.  (Doc. 9.)  Plaintiff explains

10  that an investigation revealed that Maher Nagi is the actual owner of the store at issue in this

11  complaint and the correct defendants are "MAHER NAGI d/b/a CIGARETTE OUTLET SMOKE

12  SHOP and MAHER NAGI."  (*Id.* at ¶¶ 2-3, 5.)

13  **DISCUSSION**

14       Federal Rule of Civil Procedure 15(a) provides:

15  
16  > A party may amend its pleading once as a matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of motion under Rule 12(b), (e) or (f) whichever is earlier.
17  

18  Fed. R. Civ. P. 15(a)(1).  In all other cases, a party may amend it pleading only with the opposing

19  party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  A court "should freely give

20  leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The United States Supreme

21  Court has stated:

22  
23  > [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."
24  

25  *Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the

26  merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*,

27  649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to

28  pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979

(9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

In this case, no responsive pleading has been filed and Plaintiff may amend the complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1). *See Hutchins v. Lockyer*, No. 1:15-cv-01537-MJS (PC), 2016 WL 6094853, at *1 (E.D. Cal. Oct. 17, 2016) ("A party may amend its pleading once as a matter of course at any time before a responsive pleading is served and up to twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B)."). Even if that were not the case, the Court finds leave to amend under Rule 15 appropriate given the early stages and procedural posture of this action. There will be little prejudice to defendants in permitting the amendment as defendants will need to be properly served with any amended complaint.[1] Plaintiff also has not unduly delayed in seeking to amend the complaint, the amendment is not brought in bad faith, and there is no indication that such amendment is futile.

---

[1] The Court recognizes that default has been entered against Defendant Cigarette Outlet Smoke Shop. (Doc. 7.) However, the substance of the instant motion calls into question whether the proper defendant was served. Upon filing of the amended complaint, Plaintiff is directed to file either (1) a declaration supporting entry of default against Defendant Cigarette Outlet Smoke Shop; or (2) a request to set aside and/or vacate entry of default against Defendant Cigarette Outlet Smoke Shop.

Accordingly, leave to file a first amended complaint will be granted for the purpose of naming the correct defendants.

**CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint (Doc. 9) is GRANTED; and

2. Within five (5) court days after issuance of this Order, Plaintiff shall file the First Amended Complaint, a copy of which was attached as Exhibit A to the motion.

IT IS SO ORDERED.

Dated:   **June 27, 2023**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE