UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC | No. 1:23-cv-00281-TLN-CKD |
| Plaintiff, | ORDER |
| v. | |
| CIGARETTE OUTLET SMOKE SHOP, et al., | |
| Defendants. | |

Presently pending before the court is plaintiff GS Holistic, LLC's ("plaintiff's") motion for default judgment against defendant Maher Nagi d/b/a Cigarette Outlet Smoke Shop ("defendant").[1] (ECF No. 29.) To date, defendant has not opposed plaintiff's motion.

For the reasons set forth below, the court DENIES plaintiff's motion without prejudice.

I.     Relevant Background

Plaintiff is a Delaware company with its principal place of business in California. (ECF No. 11 at ¶ 5.) Plaintiff makes and sells smoking products and is the registered owner of three "Stündenglass" trademarks:

- U.S. Trademark Registration Number 6,633,884 for the standard character mark

---

[1] Plaintiff's motion was filed on December 8, 2023, and a motion hearing was set for January 31, 2024 before the undersigned. (ECF No. 29, 30.)

1

1  "Stündenglass" in association with goods further identified in registration in
2  international class 011.
3  • U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S"
4  and its logo in association with goods further identified in the registration in
5  international class 034.
6  • U.S. Trademark Registration Number 6,174,291 for the standard character mark
7  "Stündenglass" in association with goods further identified in registration in
8  international class 034.

(Id. at ¶¶ 9, 11.)

Plaintiff alleges that on October 18, 2022, defendant sold a glass infuser affixed with a Stündenglass Mark to plaintiff's investigator. (Id. at ¶¶ 29-30.) Plaintiff states that "[i]mages and/or the physical unit" of the glass infuser "were inspected by [plaintiff's] agent to determine its authenticity." (Id. at ¶ 31.) Upon inspection, plaintiff determined the glass infuser "was a Counterfeit Good with an Infringing Mark affixed to it." (Id.) While the FAC states "[t]he marks … are identical with, or substantially indistinguishable from, the Stündenglass Trademarks," plaintiff does not explain how it drew this conclusion. Further, the FAC does not state which of the three Stündenglass Marks was affixed to the glass diffuser, or if all three were used. The FAC also does not contain any facts about defendant's use of the mark, such as its attributes or characteristics, that would help the court infer similarities between the two marks.

Plaintiff's FAC alleges claims of trademark infringement (15 U.S.C. § 1114), and false advertising (15 U.S.C. § 1125(a)). (Id. at 13-15.) Defendant was served but failed to respond, after which the clerk entered default. (ECF Nos. 17, 23, 24.) Plaintiff moved for default judgment on December 8, 2023, seeking an award of $150,000 in statutory damages, an injunction, and costs of $1,249.10. (ECF No. 29 at 20.) Defendant has not appeared or filed any response to plaintiff's motion.

//////
//////
//////

II.     Legal Standard – Default Judgment

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

In making this determination, the court may consider the following factors:  (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").

III.     Analysis

The court denies plaintiff's motion for default judgement because plaintiff has not satisfied the second and third Eitel factors; i.e., the merits of plaintiff's substantive claim and the sufficiency of the complaint. See Eitel, 782 F.2d at 1471-72. See also GS Holistic, LLC v. Raven Smoke Shop, Inc., 2023 WL 5504964, at *5 (C.D. Cal. July 10, 2023) (denying motion for default judgment based on inadequate pleadings); Abney, 334 F. Supp. 2d at 1235 ("[A] default judgment may not be entered on a legally insufficient claim.")

To state a claim for trademark infringement or false designation of origin, plaintiff must adequately allege 1) the existence of a valid trademark, 2) the defendant used the mark, and 3) the defendant's use of the mark is likely to cause confusion. Applied Info. Scis. Corp. v. eBay, Inc., 511 F.3d 966, 969 (9th Cir. 2007). See Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 632 (9th Cir. 2008) (using the same likelihood of confusion test to analyze trademark infringement and false designation of origin). Here, the only well-pleaded element of either claim is the existence of a valid trademark. This is because registration of a mark on the Principal Register in the Patent and Trademark Office constitutes prima facie evidence of the validity of the registered mark, and plaintiff alleges three registered trademarks. (See ECF No. 11 at ¶ 11.) Applied Info., 511 F.3d at 970 (internal citation omitted).

As for the second element, the FAC's allegation of defendant's use of the mark is tenuous at best. Plaintiff does not allege any facts about the specific mark that defendant used, such as which mark defendant used, or any of its characteristics or attributes. Instead, plaintiff states "[u]pon receipt, images and/or the physical unit of the product purchased from [defendant] were inspected by GS's agent to determine its authenticity. The inspection of the purchased item confirmed that the Glass Infuser [defendant] sold to GS's investigator was a Counterfeit Good with an Infringing Mark affixed to it." (Id. at ¶ 31.) This is a vague and conclusory statement, that the court does not accept as true. Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009) (the court is not required to accept as true "legal conclusions merely because they are cast in the form of factual allegations").

Even if the court can infer defendant's use of the mark, plaintiff's motion must be denied

4

because plaintiff has not adequately shown likelihood of confusion. Courts determine likelihood of confusion using the following Sleekcraft factors: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and degree of care consumers are likely to exercise in purchasing them; (7) intent of the defendant in selecting the mark; and (8) likelihood that the parties will expand their product lines. See AMF Incorporated v. Sleekcraft Boats, 599 F.2d 341, 348–54 (9th Cir. 1979).

Plaintiff's motion for default judgment makes little to no effort to apply the Sleekcraft factors to the sparse facts of this case. (ECF No. 29 at 14-15.) Instead, plaintiff simply repeats the vague and conclusory statements from the FAC and asserts that they demonstrate likelihood of confusion. (See ECF No. 29 at 15, "an investigator for plaintiff purchased this item and upon inspection, [plaintiff] determined the product was a counterfeit good"… and " "defendant's infringement was willful.") While courts need not engage in the Sleekcraft analysis if the plaintiff alleges the use of a counterfeit mark, plaintiff has not adequately pleaded that defendant used a counterfeit mark. See Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc., 658 F.3d 936, 945 (9th Cir. 2011) ("The late comer who deliberately copies the dress of his competitors already in the field ... raises a presumption that customers will be deceived." (citation omitted)). To plead a counterfeiting claim, a plaintiff must establish (1) a non-genuine mark identical to or substantially indistinguishable from the plaintiff's registered, genuine mark, where (2) the plaintiff's genuine mark was registered for use on the same goods to which the infringer applied the non-genuine mark. Louis Vuitton, 658 F.3d at 946.

Plaintiff alleges in a conclusory fashion that "an investigator for the [p]laintiff purchased this item and upon inspection, [p]laintiff determined that the product was a counterfeit good." (ECF No. 11 at ¶¶ 30-31.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not meet the requirements of a "well-pleaded" standard. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). The complaint contains no factual allegations from which the court can infer plaintiff's use of a counterfeit, such as the specific genuine mark used by defendants, the similarities of the marks; nor does plaintiff provide pictures or other evidence for the court to compare the two marks. Therefore, plaintiff has not adequately plead

the third element, and has not adequately alleged trademark infringement or false designation of origin claims.  See Applied Info. Scis. Corp., 511 F.3d at 969.

Accordingly, the court finds that plaintiff's allegations are insufficient for the purposes of default judgment.  Bailey v. HVSN Enters. Inc., 2021 WL 794501, at *2 (C.D. Cal. Mar. 2, 2021) ("[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default") (cleaned up).  See also GS Holistic, LLC v. Alien Smoke Shop, 2023 WL 3402589, at *1 (C.D. Cal. Mar. 17, 2023) ("[T]he court has discretion to require some proof of the facts that must be established in order to determine liability.")

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. The motion for default judgment, ECF No. 29, is DENIED without prejudice.
2. The defaults previously entered against defendants are hereby VACATED.  (ECF No. 24).

Dated:  February 9, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, gscho.0281