1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11

GS HOLISTIC, LLC,

No.: 1:23-cv-00281-TLN-CKD

12

Plaintiff,

**MOTION FOR DEFAULT FINAL**

13

v.

**JUDGMENT AGAINST**

**DEFENDANT**

14

MAHER NAGI d/b/a CIGARETTE

15

OUTLET SMOKE SHOP,

16

Defendant,

17
18
19
20
21
22
23
24
25
26
27
28

**LEON LAW, LLP**

i

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT.**ERROR! BOOKMARK NOT DEFINED.**

II.   STATEMENT OF FACT............**ERROR! BOOKMARK NOT DEFINED.**

A.    THE "STÜNDENGLASS" TRADEMARK AND PLAINTIFF'S BUSINESS. ............................................**ERROR! BOOKMARK NOT DEFINED.**

B.    THE STÜNDENGLASS MARK ARE COUNTERFEITING TARGET. **ERROR! BOOKMARK NOT DEFINED.**

C.    DEFENDANTS' INFRINGING CONDUCT AND FAILURE TO LITIGATE.............................................**ERROR! BOOKMARK NOT DEFINED.**

III.  LEGAL STANDARD.................**ERROR! BOOKMARK NOT DEFINED.**

IV.   DISCUSSION ............................**ERROR! BOOKMARK NOT DEFINED.**

A.    JURISDICTION AND SERVICE OF PROCESS... **ERROR! BOOKMARK NOT DEFINED.**

A.1.  *SUBJECT MATTER JURISDICTION*.............**ERROR! BOOKMARK NOT DEFINED.**

A.2.  *PERSONAL JURISDICTION*......**ERROR! BOOKMARK NOT DEFINED.**

A.2.1. BASIS FOR PERSONAL JURISDICTION...**ERROR! BOOKMARK NOT DEFINED.**

A.2.2. SERVICE OF PROCESS............**ERROR! BOOKMARK NOT DEFINED.**

B.    EITEL FACTORS.......................**ERROR! BOOKMARK NOT DEFINED.**

B.1.  *POSSIBILITY OF PREJUDICE TO THE PLAINTIFF* ....................**ERROR! BOOKMARK NOT DEFINED.**

B.2.  *MERITS OF THE PLAINTIFF'S CLAIMS AND SUFFICIENCY OF THE COMPLAINT*...........................................**ERROR! BOOKMARK NOT DEFINED.**

B.2.1. PLAINTIFF'S COMPLAINT ESTABLISHES DEFENDANTS LIABILITY FOR TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN..............................................**ERROR! BOOKMARK NOT DEFINED.**

B.3.  *THE SUM OF MONEY AT STAKE*.................**ERROR! BOOKMARK NOT DEFINED.**

B.4.  *THE POSSIBILITY OF DISPUTE CONCERNING MATERIAL FACTS* **ERROR! BOOKMARK NOT DEFINED.**

B.5.  *WHETHER DEFENDANTS' DEFAULT WAS THE PRODUCT OF EXCUSABLE NEGLECT* ......................**ERROR! BOOKMARK NOT DEFINED.**

B.6.  *PUBLIC POLICY FAVORING DECISIONS ON THE MERITS* .......**ERROR! BOOKMARK NOT DEFINED.**

C.    RELIEF SOUGHT ......................**ERROR! BOOKMARK NOT DEFINED.**

C.1.  *PLAINTIFF IS ENTITLED TO STATUTORY DAMAGES* ................**ERROR! BOOKMARK NOT DEFINED.**

C.2.  *PLAINTIFF IS ENTITLED TO RECOVERY OF ATTORNEYS' FEES AND COST***ERROR! BOOKMARK NOT DEFINED.**

C.3.  *PLAINTIFF IS ENTITLED TO PREJUDGMENT INTEREST* ..........**ERROR! BOOKMARK NOT DEFINED.**

LEON LAW, LLP

C.4.    *PLAINTIFF IS ENTITLED TO POST JUDGMENT INTEREST* ....... **ERROR! BOOKMARK NOT DEFINED.**

C.5.    *PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF* ................... **ERROR! BOOKMARK NOT DEFINED.**

*C.5.1. IRREPARABLE INJURY* ............ **ERROR! BOOKMARK NOT DEFINED.**

*C.5.2. NO ADEQUATE REMEDY AT LAW* ............ **ERROR! BOOKMARK NOT DEFINED.**

*C.5.3. BALANCE OF HARDSHIP* ......... **ERROR! BOOKMARK NOT DEFINED.**

C.6.    *PLAINTIFF IS ENTITLED TO DESTRUCTION OF INFRINGING PRODUCTS* ......................................... **ERROR! BOOKMARK NOT DEFINED.**

V.    CONCLUSION ........................... **ERROR! BOOKMARK NOT DEFINED.**

CERTIFICATE OF SERVICE ............. **ERROR! BOOKMARK NOT DEFINED.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LEON LAW, LLP**

1
2
3
4
5
6
7

**LEON LAW, LLP**

8

# TABLE OF AUTHORITIES

**CASES**

*136 Collins Ave. v. V.*, 2006 U.S. Dist. LEXIS 113130 at *6 (9th Cir. 2006) ............................................................................................10

*Adobe Sys. v. Kern*, No. C 09-1076 CW (JL), 2009 U.S. Dist. LEXIS 123566, 24-25 (N.D. Cal. 2009) ....................................................15

*AK Futures LLC v. Smoke Tokes*, LLC, 2021 PVL 5359019, at *3 (C.D. Cal. Nov. 17, 2021) ..............................................................9

*AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979) .................10

*Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986) ................................................9

*Brookfield Commc'ns, Inc. v. W Coast Entm 't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999) ........................................................9

*Colony Ins. Co. v. Schmid*, 2020 U.S. Dist. LEXIS 164505, *5 (C.D. Cal. Sep. 9, 2020) ..............................................................8, 12

*Columbia Pictures Indus. Inc. v. Krypton Broad. of Birmingham*, 259 F.3d 1186, 1194 (9th Cir. 2001) ...................................................16

*Constr. Laborers Trust Funds for S. Cal. Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 11 92, 1201 (C.D. Cal. 2018) .....................12

*Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) ....................................................7

*DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847*, at *951 (9th Cir. 2007) ....................5

*eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) .........................20

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) .............................6, 13

*Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846 (2011) ..............................................................................7

*Grocery Outlet, Inc. v. Albertson's, Inc.*, 497 F.3d 949, 951 (9th Cir. 2007) ...............................................................................9

*In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ......................................................6

*Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 993 (9th Cir. 2009) .................................................22

*Kinsley Tech. Co. v. Ya Creations, Inc.,* 2021 U.S. Dist. LEXIS 84397 , at *9 (C.D. Cal. May 3, 2021) ....................................................20

*LG Corp. v. Huang Xiaowen*, No. 16-CV-1162 JLS (NLS), 2017 U.S.

iv

Dist. LEXIS 16611, at *19 (S.D. Cal. 2017)..................................................15

*Louis Vuitton Malletier, S A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 945
(9th Cir. 2011)..................................................................................................10

*Mattel, Inc. v. Walking Mountain Prod.*, 353 F.3d 792 (9th Cir. 2003)...............10

*Milliken v. Meyer*, 311 U.S. 457, 462-63 (1940)..................................................7

*Mophie, I*nc. *v. Shah*, 2015 U.S. Dist. LEXIS 186868 (C.D. Cal. Feb.
9, 2015) ............................................................................................................14

*Patagonia, Inc. v. Tradition LLC*, 2019 WL 1059687, at *6 (C.D. Cal.
Mar. 4, 2019)....................................................................................................21

*Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 11 72, 11 76 (C.D.
Cal. 2002)..........................................................................................................12

*PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp. 2d 11 72, 11 75 (C.D.
Cal. 2002)............................................................................................................8

*PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 ...............................................................13

*Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014) .............10

*Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1134 (9th Cir.
2006) ...................................................................................................................9

*Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*,
343 F.3d 1036, 1040, n.2 (9th Cir. 2003)..........................................................6

Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d
832, 841 (9th Cir.2001) ....................................................................................20

*Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal.2014) ...................8

*Weaver v. Burger King Corp. (In re Weaver)*, 219 B.R. 890 (9th Cir.
1998) .................................................................................................................15

*Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1084
(C.D. Cal. 2012)................................................................................................21

*Wecosign, Inc. v. lFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082
(C.D. Cal. 2012)................................................................................................12

*Williams v. State of North Carolina*, 325 U.S. 226, 229 (1945) ...........................7

*Yelp Inc. v. Carroll*, 70 F. Supp. 3d 1082, 1101 (N.D. Cal. 2014) ......................15

**FEDERAL STATUTES**

15 U.S.C. § 1051 et. seq. ........................................................................................7

15 U.S.C. § 1114 ...............................................................................................9, 13

15 U.S.C. § 1116 ...................................................................................................19

15 U.S.C. § 1117 ...................................................................................................17

15 U.S.C. § 1117(a) ..............................................................................................14

15 U.S.C. § 1117(b) ..............................................................................................14

15 U.S.C. § 1118 ...................................................................................................22

15 U.S.C. § 1121 .....................................................................................................7

15 U.S.C. § 1125(a)..................................................................................................1

LEON LAW, LLP

v

15 U.S.C. §§ 1114 ..................................................................................................... 1

15 U.S.C. §§ 1116(d) ............................................................................................... 1

15 U.S.C. §1118 ......................................................................................................22

15 USC. § 1114(1) ..................................................................................................... 9

28 U.S.C. §§ 1331 ..................................................................................................... 7

28 U.S.C. §§ 1338(a) ................................................................................................ 7

**FEDERAL RULES**

Fed. R. Civ. P. 4(h)(1)(B) ......................................................................................... 8

Fed. R. Civ. P.4(e)(2)(A) .......................................................................................... 8

Fed. R. Civ. P.55(b)(2) .............................................................................................. 5

**LEON LAW, LLP**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEON LAW, LLP

Pursuant to Federal Rule 55(b)(2), the Plaintiff, GS HOLISTIC, LLC, moves this Court for entry of default judgment against the Defendant, MAHER NAGI d/b/a CIGARETTE OUTLET SMOKE SHOP, in this action. The Defendant was served with the summons and Complaint but failed to file an answer or otherwise defend in this lawsuit. The Plaintiff now requests that this Court enter the attached proposed Default Judgment and Order for Other Equitable Relief, and Civil Money Penalties ("Default Judgment"). The proposed Default Judgment award includes Statutory Damages of $50,000, and Costs in the amount of $1,997.50 to be imposed against the Defendant.

## I.    PRELIMINARY STATEMENT

As a result of Defendant's failure to appear in this action and the subsequent entry of default, the material factual allegations set forth in the Plaintiff's Complaint must be accepted as true. Those allegations establish all of the necessary elements of the Plaintiff's claims for (i) willful trademark infringement of the Stündenglass trademark in violation of 15 U.S.C. §§ 1114; (ii) trademark counterfeiting of the Stündenglass trademark in violation of 15 U.S.C. §§ 1116(d); and (iii) willful trademark infringement (false designation) in violation of 15 U.S.C. § 1125(a).

## II.    STATEMENT OF FACT

A. The "STÜNDENGLASS" Trademark and Plaintiff's Business.

For approximately four years, the Plaintiff has worked to distinguish the

1

Stündenglass brand as the premier manufacturer of glass infusers by emphasizing the brand's unwavering use of quality materials and focusing on scientific principles which facilitate a superior smoking experience. Compl. ¶ 9. Stündenglass branded products embody a painstaking attention to detail, which is evident in many facets of authentic Stündenglass branded products. Compl. ¶ 9. It is precisely because of the unyielding quest for quality and unsurpassed innovation that Stündenglass branded products have a significant following and appreciation amongst consumers in the United States and internationally. Compl. ¶ 9.

As a result of the continuous and extensive use of the trademark "STÜNDENGLASS," GS was granted both valid and subsisting federal statutory and common law rights to the Stündenglass trademark. Compl. ¶ 10

The Plaintiff has used the Stündenglass Mark in commerce throughout the United States, continuously, since 2020, in connection with the manufacturing of glass infusers and accessories. Compl. ¶ 13.

The Stündenglass Mark are distinctive to both the consuming public and the Plaintiff's trade. GS' Stündenglass branded products are made from superior materials. The superiority of Stündenglass branded products is not only readily apparent to consumers, but to industry professionals as well. Compl. ¶ 14.

The Stündenglass Trademark are exclusive to GS and appear clearly on GS' Stündenglass Products, as well as on the packaging and advertisements related to the products. Compl. ¶ 15. GS has expended substantial time, money, and other

2

resources in developing, advertising, and otherwise promoting and protecting these Trademark. Compl. ¶ 15. As a result, products bearing GS' Stündenglass Trademark are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from GS. Compl. ¶ 15.

GS' Stündenglass Products have become some of the most popular of their kind in the world and have also been the subject of extensive unsolicited publicity resulting from their high-quality and innovative designs. Compl. ¶ 16. Because of these and other factors, the GS brand, the Stündenglass brand, and GS' Stündenglass Trademark are famous throughout the United States. Compl. ¶ 16.

Since 2020, GS has worked to build significant goodwill in the Stündenglass brand in the United States. GS has spent substantial time, money, and effort in developing consumer recognition and awareness of the Stündenglass brand, via point of purchase materials, displays, through their websites, attending industry trade shows, and through social media promotion. Compl. ¶ 17.

In fact, Stündenglass Products have been praised and recognized by numerous online publications, as well as publications directed to the general public. Compl. ¶ 18.

At the time of this Complaint, the Plaintiff was the owner of federally registered and common law trademark. The following is a list of the Stündenglass trademark:

       i.      U.S. Trademark Registration Number 6,174,292 for the design

plus words mark "S" and its logo in association with goods further identified in the registration in international class 034.

B. <u>The Stündenglass mark are Counterfeiting Target.</u>

GS sells its products under the Stündenglass Mark to authorized stores in the United States, including in California.   GS has approximately 3,000 authorized stores in the United States selling its products.   As such, Stündenglass branded products reach a vast array of consumers throughout the country.  Compl. ¶ 20.

It is because of the recognized quality and innovation associated with the Stündenglass Mark that consumers are willing to pay higher prices for genuine Stündenglass products.  For example, a Stündenglass brand glass infuser is priced at $599.95, while a non-Stündenglass branded product is also being sold for up to $600, with a range of $199 to $600. Compl. ¶ 21.

C. <u>Defendant's Infringing Conduct and Failure to Litigate.</u>

The Defendant has engaged in continuous and systematic business in California and derive substantial revenue from commercial activities in California. Specifically, the Defendant has engaged in the unlawful manufacture, retail sale, and/or wholesale sales of counterfeit Stündenglass branded glass infusers and related parts. Compl. ¶ 6.

The Defendant has sold goods with mark allegedly with Trademark registered to the Plaintiff. Compl. ¶ 25-26. The Defendant's acts constitute willful trademark

4

infringement. Compl. ¶ 43. The Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Counterfeit Goods sold by the Defendant. Compl. ¶ 42-43.

The Defendant has failed to respond to the Complaint or otherwise appear in this action.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter a default judgment against properly served Defendants who fail to file a timely responsive pleading. By such a default, all of the Plaintiff's well-pled allegations in the Complaint are deemed admitted. See *DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847*, at *951 (9th Cir. 2007). "A party's default conclusively establishes that party's liability although it does not establish the amount of damages" *Dillard v. Victoria M. Morton Enters*., 2011 U.S. Dist. LEXIS 11134 at *13 (E.D. Cal. 2011) (c*iting Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). In determining damages, an evidentiary hearing is not required, instead, the Court may rely on the declarations submitted by the Plaintiff. *See Philip Morris U.S.A. Inc. v. Castworld Prods*., 219 F.R.D. 494 (C.D. Cal. 2003) at *498. Factors that may be considered by the Court in exercising its discretion to enter default judgment include the following "*Eitel*" factors:

(1) the possibility of prejudice to the plaintiff, (2) the merits

5

> of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).

## IV.    DISCUSSION

A. <u>Jurisdiction and Service of Process</u>

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  While evaluating the existence of jurisdiction, the court may resolve factual disputes by "look[ing] beyond the complaint" and considering "affidavits or other evidence properly brought before the court." *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1040, n.2 (9th Cir. 2003) (considering subject matter jurisdiction on a 12(b)(1) motion).

A.1.      *Subject Matter Jurisdiction*

This is a civil action against the Defendant for trademark infringement, counterfeiting, and false designation of origin and unfair competition, under the Lanham Act (15 U.S.C. § 1051 et. seq.).  This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement, counterfeiting, and false designation of origin and unfair competition pursuant to the provisions of

6

15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

A.2.    *Personal Jurisdiction*

A.2.1. Basis for Personal Jurisdiction

This Court has personal jurisdiction over the Defendant as the Defendant, MAHER NAGI d/b/a CIGARETTE OUTLET SMOKE SHOP is a sole proprietorship and has its principal place of business in California. *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846 (2011); *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). The Defendant, MAHER NAGI, resides and is domiciled in California. The Defendant regularly conducts and solicits business in the State of California (including in this Judicial District). *Milliken v. Meyer*, 311 U.S. 457, 462-63 (1940); *Williams v. State of North Carolina*, 325 U.S. 226, 229 (1945).

A.2.2. Service of Process

The Defendant, MAHER NAGI d/b/a CIGARETTE OUTLET SMOKE SHOP, was served with Complaint on October 17, 2024, via Personal Service. [DE 40]. *See* Federal Rule of Civil Procedure 4(e)(2)(A).

Therefore, service of process upon the Defendant is adequate for Default.

B. Eitel Factors

B.1.    *Possibility of Prejudice to the Plaintiff*

The Plaintiff will suffer prejudice if this Court does not enter default

7

judgment.  Because the Defendant has not appeared in this action, default judgment is the only way in which Plaintiff may obtain relief for the infringement.  *See Colony Ins. Co. v. Schmid*, 2020 U.S. Dist. LEXIS 164505, *5 (C.D. Cal. Sep. 9, 2020). Without the entry of default judgment, the Defendant will have escaped liability simply by not showing up.  *See Vogel v. Rite Aid Corp*., 992 F. Supp. 2d 998, 1007 (C.D. Cal.2014).  Therefore, this factor favors entry of default judgment.

B.2.    *Merits of the Plaintiff's Claims and Sufficiency of the Complaint*

Together, the second and third Eitel factors test the allegations in the Plaintiff's Complaint and whether they state a claim on which the Plaintiff may recover. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp. 2d 11 72, 11 75 (C.D. Cal. 2002).  In evaluating these factors, the well-pleaded allegations of the complaint are taken as admitted.  *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986).

B.2.1. Plaintiff's Complaint Establishes Defendants Liability for Trademark Infringement and False Designation of Origin

The Plaintiff's motion for default judgment focuses on two claims: trademark counterfeiting and infringement, and false designation of origin and unfair competition. To state a claim for trademark infringement or false designation of origin, a Plaintiff must establish that they own a "valid, protectable mark" and that Defendants are using a "confusingly similar mark." *See Grocery Outlet, Inc. v. Albertson's, Inc*., 497 F.3d 949, 951 (9th Cir. 2007) (per curiam) (citing 15 USC. §

LEON LAW, LLP

1114(1)); *see also Brookfield Commc'ns, Inc. v. W Coast Entm 't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999); *AK Futures LLC v. Smoke Tokes*, LLC, 2021 PVL 5359019, at \*3 (C.D. Cal. Nov. 17, 2021) (false designation of origin claim analyzed using same elements as trademark infringement claim). A Plaintiff must show: (1) it has a protected ownership interest in the mark; and (2) the alleged infringer's use of the mark "is likely to cause confusion, or to cause mistake, or to deceive." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006) (internal quotation mark and citation omitted); 15 U.S.C. § 1114. The allegations in Plaintiff's complaint-which are taken as true-are sufficient to establish that both claims are meritorious.

First, the Plaintiff is the owner of the Stündenglass Trademark. Compl. ¶¶ 11-12. The Stündenglass Mark is registered with the USPTO. A copy of the Trademark Registration Certificates for the Stündenglass Trademark is attached hereto as Exhibit "A." This uncontested proof of registration conclusively establishes Plaintiff's protected ownership interest. *See Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014).

The Court in *136 Collins Ave. v. V.*, 2006 U.S. Dist. LEXIS 113130 at \*6 (9th Cir. 2006) refers to the eight factor test first established by the Ninth Circuit Court in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979) (abrogated in part on other grounds by *Mattel, Inc. v. Walking Mountain Prod.*, 353 F.3d 792 (9th Cir. 2003)) to determine whether a "likelihood of confusion" exists between the

**LEON LAW, LLP**

parties allegedly related services. The eight-factor test includes: strength of the mark; relatedness of the goods or services; similarity of the mark; evidence of actual confusion; marketing channels used; the degree of care likely to be exercised by the purchaser; defendant's intent in selecting the mark; and likelihood of expansion into other markets.

Plaintiff has shown that the Defendant's use is likely to cause customer confusion. In counterfeiting cases, the Court assumes a likelihood of confusion when the offending mark is counterfeit or virtually identical to a protected mark and is used on an identical product or service. *See Louis Vuitton Malletier, S A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 945 (9th Cir. 2011); *Brookfield*, 174 F.3d at 1056 ("In light of the virtual identity of mark, if they were used with identical products or services likelihood of confusion would follow as a matter of course."). Here, Plaintiff alleges that Defendant sold goods that bore the Mark, without Plaintiff's consent. Compl. at ¶ 25-27. Specifically, on October 18, 2022, Defendant offered for sale a glass infuser with the aforementioned Stündenglass Mark affixed to it for $250.50, nearly half the retail price of a genuine Stündenglass glass infuser. *Id*. at ¶ 29-30.  An investigator for the Plaintiff purchased this item and upon inspection, Plaintiff determined that the product was a counterfeit good. *Id*. at ¶ 30-34. Pictures of infringing product purchased from the Defendant's store are attached hereto as Exhibit "B." As seen in the pictures, the trademark on the counterfeit product are almost identical to the Plaintiff's Trademark with the Registration Number 6,174,292.  Moreover, the

10

infringing product and the Plaintiff's products are both glass infusers, which can be used either for smoking purposes or infusing foods and drinks. The infringing mark and the Plaintiff's protected mark being virtually identical and being used in identical products shows that likelihood of confusion exists. *See. Brookfield*, 174 F.3d at 1056. The Plaintiff further alleges that Defendant's infringement was willful. *Id*. at ¶ 43. These allegations, if true, are sufficient to demonstrate a likelihood of confusion. Accordingly, the second and third *Eitel* factors weigh in favor of granting the motion for default judgment.

### B.3.    *The Sum of Money at Stake*

"Default judgments are disfavored where the sum of money requested is too large or unreasonable in relation to a defendant's conduct." *Constr. Laborers Trust Funds for S. Cal. Admin. Co. v. Anzalone Masonry, Inc*., 316 F. Supp. 3d 11 92, 1201 (C.D. Cal. 2018).  Here, though damages are discussed further below, the Plaintiff requests damages based on the amount permitted by statute and as described in its Complaint.  The amount requested is not unreasonable in light of the circumstances.  Therefore, this factor weighs in favor of granting default judgment.

### B.4.    *The Possibility of Dispute Concerning Material Facts*

This factor also favors entry of default judgment.  After entry of default, "all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 11 72, 11 76 (C.D. Cal.

**LEON LAW, LLP**

2002).  Because the Defendant has not made any appearance in this case to contest any of the issues or assert any defenses, it is very unlikely that disputes as to material fact will arise.  *See e.g., Colony Ins. Co*., 2020 U.S. Dist. LEXIS at * 11.  Therefore, this factor also weighs in favor of entry of default judgment.

### B.5. *Whether Defendant's Default was the Product of Excusable Neglect*

This factor favors the entry of default judgment where the Plaintiff demonstrates that the Defendant has been properly served and is thus aware of the pending action.  *See Wecosign, Inc. v. lFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012).  Here, the Plaintiff has properly shown that the Defendant was properly served [DE 40].

### B.6. *Public Policy Favoring Decisions on the Merits*

The final *Eitel* factor advises that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 728 F.2d at 1472.  However, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."  *PepsiCo, Inc*., 238 F. Supp. 2d at 1177.  Thus, this preference is not dispositive of entering default judgment when the other Eifel factors favor such, as is the case here. *See Id*.

As such, the factors set forth in *Eitel* weigh in favor of entering default judgment, and this Court should grant this motion and enter a default judgment against the Defendant.

12

C. <u>Relief Sought</u>

    C.1.     *Plaintiff is Entitled to Statutory Damages*

The Defendant's acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Moreover, it constitutes a false designation of origin which is likely to cause confusion and mistake as it will deceive consumers as to the source or origin of such goods or sponsorship or approval of such goods by the Plaintiff. As a result, the elements described by the court have been satisfied and statutory damages must be awarded.

The Lanham Act, 15 U.S.C. § 1117(c), provides, in pertinent part:

> In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of —(1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or(2) <u>if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.</u> (Emphasis added)

"A plaintiff who proves a violation of a registered trademark is entitled to recover its profits and any damages sustained. 15 U.S.C. § 1117(a). According to 15 U.S.C. § 1117(b), "in a case involving use of a counterfeit mark . . . the court shall, unless

LEON LAW, LLP

the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever amount is greater. . .."" See *Mophie, I*nc. *v. Shah*, 2015 U.S. Dist. LEXIS 186868 (C.D. Cal. Feb. 9, 2015). Because the Defendant has refused to cooperate, as indicated through the failure to obtain counsel, and continue the litigation, it is not possible for the Plaintiff to obtain discovery in order to establish exact damages with certainty. While the Defendant probably has not sold millions of counterfeit products, it has engaged in the purchase and sale of counterfeits of at least one unit, and likely traded in more.

While actual damages to the Plaintiff may not be calculated with exact certainty, an assessment of damages has been completed by Plaintiff, GS HOLISTIC, LLC. *See* Folkerts Decl. As to Value of Damages; *see also* Folkerts Decl. as to Damages. GS HOLISTIC, LLC Owner, Chris Folkerts, states that the Plaintiff is seeking only a fraction of the actual losses to its business and that damages of $50,000.00 are reasonable since the actual damages to the business are far in excess of this amount. Folkerts Decl. as to Value of Damages ¶¶ 8,9, 15.

The Plaintiff has alleged that Defendant willfully infringed Plaintiff's mark. Compl. at ¶ 45. *See. Yelp Inc. v. Carroll*, 70 F. Supp. 3d 1082, 1101 (N.D. Cal. 2014) ("An allegation of willful trademark infringement is deemed true on default."). *See also. LG Corp. v. Huang Xiaowen*, No. 16-CV-1162 JLS (NLS), 2017 U.S. Dist. LEXIS 16611, at *19 (S.D. Cal. 2017) ("because default was entered against Defaulting Defendants, Plaintiffs' allegations that Defaulting Defendants

14

were willful infringers of Plaintiffs' mark is taken as true.").

Moreover, the Defendant has not cooperated in providing information from which the financial benefit of infringement can be calculated, since they have not appeared. If the Court were to award Plaintiff only minimal damages that would appear to send the message to infringers ignoring a lawsuit is a good strategy. Meanwhile, granting of the requested statutory damage award at this time will act to deter both this Defendant, and others, from violating Plaintiff's trademark and otherwise violating Plaintiff's rights with relative impunity. *Adobe Sys. v. Kern*, No. C 09-1076 CW (JL), 2009 U.S. Dist. LEXIS 123566, at *24-25 (N.D. Cal. 2009)

Further, in *Weaver v. Burger King Corp. (In re Weaver)*, 219 B.R. 890 (9th Cir. 1998), the Court states, "the case law of this Circuit makes clear that courts are vested with considerable equitable discretion in determining measure of damages for trademark infringement." *See Columbia Pictures Indus. Inc. v. Krypton Broad. of Birmingham*, 259 F.3d 1186, 1194 (9th Cir. 2001) ("The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.")

Based on the discretion this Court is given in Lanham Act cases such as this, the damages assessment of GS HOLISTIC, LLC, an award of $50,000.00 ($50,000 per Mark) is the appropriate amount of statutory damages that is well within the discretion of the Court to award. This amount not only reflects actual damages suffered by the Plaintiff, but also sends an unequivocal message to the industry that

**LEON LAW, LLP**

counterfeiting will not be tolerated, nor will misrepresentations or otherwise refusing to cooperate with discovery. Here, the Defendant has willfully infringed on the Plaintiff's trademark with the Registration Number 6,174,292, justifying $50,000.00 in statutory damages.

C.2.    *Plaintiff is Entitled to Recovery of Attorneys' Fees and Cost*

Under the Lanham Act, the prevailing party may be awarded reasonable attorney fees "in exceptional cases." 15 U.S.C. § 1117(a). "An award of reasonable attorneys' fees and costs is expressly provided for in 'exceptional cases' of trademark infringement." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (citing 15 U.S.C. § 1117(a)). "While the term 'exceptional' is not defined in the statute, attorneys' fees are available in infringement cases where the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful." *Id.*    In the context of a default judgment, the Ninth Circuit has upheld awards of attorneys' fees 'solely because, by entry of default judgment, the district court determined, as alleged in [plaintiff's] complaint, that [defendant's] acts were committed knowingly, maliciously, and oppressively, and with an intent to . . . injure [plaintiff]." *Derek Andrew*, 528 F.3d at 702. Here, GS has alleged that Defendant's infringing acts were deliberate, willful, and intended to confuse the public and to injure GS, (Complaint, ¶¶ 45, 59, 60, 69) The Defendant defaulted, thus, all factual allegations in the complaint are deemed true, including the allegation of Defendant's

willful infringement of Stundenglass trademark *Id.* Thus, Plaintiff is entitled to attorneys' fees. *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1086 (C.D. Cal. 2012) (attorneys' fees awarded in trademark infringement matter on default judgment where plaintiff pled "willful and deliberate")]. Upon granting of this Motion, the Plaintiff will be filing its Motion for Attorneys' Fees.

Pursuant to 15 U.S.C. § 1117, the Plaintiff is entitled to recover the costs of the action. *See* 15 U.S.C. § 1117. The Plaintiff incurred costs in the total amount of $1997.50, consisting of the filing fee ($402.00), the process server fee ($1,280.00), and the Plaintiff's investigation fees ($315.50). *See* Decl. Supp. Final Default J. ¶ 6.

C.3.    *Plaintiff is Entitled to Post Judgment Interest*

GS is entitled to post-judgment interest under 28 U.S.C. § 1961. U.S.C. § 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court" and that interest will run from the date of the entry of judgment. "Such interest shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961. Accordingly, GS is entitled to post judgment interest in this matter.

C.4.    *Plaintiff is Entitled to Injunctive Relief*

17

By the reasons explained in Plaintiff's Complaint and pursuant to 15 U.S.C. § 1116, the Plaintiff is entitled to injunctive relief. The Lanham Act authorizes courts to grant injunctive relief "to prevent the violation of any right of the registrant of a mark." 15 U.S.C. § 1116(a). A plaintiff seeking permanent injunctive relief must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, L.L.C*., 547 U.S. 388, 391 (2006). The Plaintiff meets all four of these factors.

### C.4.1. Irreparable Injury

Evidence of loss of control over business reputation and damage to goodwill could constitute irreparable harm. *See, e.g., Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.,* 240 F.3d 832, 841 (9th Cir.2001) (holding that evidence of loss of customer goodwill supports finding of irreparable harm). As part of the Trademark Modernization Act of 2020, Congress amended the text of 15 U.S.C. Section 1116(a) regarding injunctive relief in trademark infringement actions. According to this amendment, a plaintiff seeking injunctive relief "shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection." 15 U.S.C. § 1116(a); see, e.g., *Kinsley Tech. Co. v. Ya Creations, Inc.,*

2021 U.S. Dist. LEXIS 84397 , at *9 (C.D. Cal. May 3, 2021) (applying presumption of irreparable harm in light of plaintiff's showing of a likelihood of success on the merits).

Here, GS has shown likelihood of success on the merits of its claims, and therefore, is entitled to presumption of irreparable harm. Moreover, the Defendant's sale of Counterfeit Products made of substantially inferior materials and inferior technology caused the Plaintiff to lose control over its reputation and goodwill in the market.

### C.4.2. No Adequate Remedy at Law

Statutory damages alone will not fully remedy the Plaintiff's injury and do not address the Defendant's ability to further violate the Plaintiff's trademark. Moreover, the Defendant's failure to respond to this lawsuit suggests that there is no assurance for the Defendant's infringing activities to cease. *See Patagonia, Inc. v. Tradition LLC*, 2019 WL 1059687, at *6 (C.D. Cal. Mar. 4, 2019) ("[B]y virtue of defendant's failure to respond to this suit, there is no reason to conclude that defendant will not infringe plaintiff's . . . trademark in the future.").

### C.4.3. Balance of Hardship

The balance of hardship between the Plaintiff and the Defendant also supports injunctive relief. Enjoining the Defendant from infringing activities will not cause any hardship to the Defendant since they can obtain genuine Stündenglass brand products from the Plaintiff if they wish to sell such products. However, if relief is not

19

granted in favor of the Plaintiff, the Plaintiff's business reputation will continue to be harmed. Therefore, the equities weigh heavily in favor of injunctive relief. See, e.g., *Wecosign, Inc. v. IFG Holdings, Inc*., 845 F. Supp. 2d 1072, 1084 (C.D. Cal. 2012) ("[W]ithout an injunction, Plaintiff will lose profits and goodwill, while an injunction will only proscribe Defendants' infringing activities.").

C.4.4. Public Interest

The public has a strong interest in not being confused or deceived by fraudulent and infringing conduct. *See Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 993 (9th Cir. 2009). The Plaintiff's request for injunctive relief is not likely to cause public interest to be disserved.  It is in the public interest to ensure counterfeits, of any kind, do not flood the market and dilute consumer confidence in products that have a trademark.

For the foregoing reasons, the Plaintiff requests that this Court enter an order which permanently enjoins, MAHER NAGI d/b/a CIGARETTE OUTLET SMOKE SHOP, and their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with it from:

(a) Import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing advertising or promotion of the counterfeit Stündenglass products,

meaning products bearing the Stündenglass trademark (registration number 6,174,292), counterfeit, copy or colorful imitation thereof.

C.5.    *Plaintiff is Entitled to Destruction of Infringing Products*

Under 15 U.S.C. § 1118, the decision whether to enter a destruction order is left to the court's discretion. In order to prevent future infringement by the Defendant, and pursuant to 15 U.S.C. §1118, the Plaintiff requests that this Court grant an order requiring the Defendant, at their cost, deliver to the Plaintiff for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the Stündenglass Mark.

## V.    CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's motion in its entirety.

/s/ *Tomas Carlos Leon.*
Tomas Carlos Leon
CA Bar #321117
Leon Law LLP
1145 W. 55th Street
Los Angeles, California 90037
tommie@leon.law
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 27, 2025, the foregoing document was

**LEON LAW, LLP**

21

electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel

of record and was mailed via Certified USPS, to the Defendant, MAHER NAGI d/b/a

CIGARETTE OUTLET SMOKE SHOP to 1079 San Pablo Ave, Ste 69, Albany, CA

94706.


                                        /s/ *Tomas Carlos Leon.*
                                        Tomas Carlos Leon