UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CIGARETTE OUTLET SMOKE SHOP, et al.,<br><br>Defendants. | No. 1:23-cv-00281-TLN-CKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 43) |

Plaintiff, GS Holistic, LLC, moves the court for default judgment against defendant Maher Nagi individually and doing business as Cigarette Outlet Smoke Shop.[1] (ECF No. 43.) Specifically, plaintiff seeks a default judgment against defendant for statutory damages in the amount of $50,000.00 on claims of trademark counterfeiting and infringement; and false design of origin and unfair competition; costs of $1,997.50, and injunctive relief.[2]

Defendant has neither appeared nor opposed the motion. The court previously ordered this motion submitted without appearance and argument pursuant to Local Rule 230(g). (ECF No.

---

[1] Plaintiff has brought suit against Maher Nagi individually and doing business as Cigarette Outlet Smoke Shop. (*See* ECF No. 35.) However, as discussed below, plaintiff alleges Cigarette Outlet Smoke Shop is a sole proprietorship, therefore it is duplicative to sue both. *See infra* Part III.A. Accordingly, the Court will analyze this motion relating to defendant Maher Nagi only.

[2] This motion is referred to the undersigned pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1)(A).

1

45.) For the reasons set forth below, plaintiff's motion for default judgment is DENIED without prejudice.

## I. BACKGROUND

Since 2020, plaintiff has marketed and sold glass infusers and accessories using the well-known trademark "Stündenglass." (ECF No. 35 ¶ 6.) Plaintiff is the owner of three federally registered trademarks in association with these goods:

    a. U.S. Trademark Registration Number 6,633,884 for the standard character mark "Stündenglass" in association with goods further identified in international class 011;

    b. U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified in international class 034,

    c. U.S. Trademark Registration Number 6,174,291 for the standard character mark "Stündenglass" in association with goods further identified in international class 034.

(*Id.* ¶ 10.)

Plaintiff has used the Stündenglass trademarks in commerce continuously since 2020 in connection with the manufacturing of glass infusers and accessories. (*Id.* ¶ 12.) Plaintiff has expended substantial time, money, and other resources in developing, advertising, and promoting its trademarks, resulting in wide public recognition of its products as being high-quality. (*Id.* ¶¶ 12-19.) Plaintiff's products have a higher sales value than other similar products, and plaintiff's products have been targeted by counterfeiters. (*Id.* ¶¶ 20-21.)

The Second Amended Complaint ("SAC") alleges plaintiff's investigator purchased a Glass Infuser which had packaging with the three Stündenglass Mark affixed to it for $250.50 from Cigarette Outlet Smoke Shop, and "it was a Counterfeit product in that it displayed the Infringing Mark." (*Id.* ¶ 30.) Plaintiff alleges that defendant "offers counterfeit glass infusers bearing imitations of the Stündenglass Trademarks that were not made or authorized by [plaintiff]." (*Id.* ¶ 25.) Plaintiff never authorized defendant to sell any merchandise bearing any of the Stündenglass Marks. (*Id.* ¶ 34.) Plaintiff claims defendant Nagi "authorized, directed, and/or participated in [Cigarette Outlet Smoke Shop's] offer for sale, in commerce, of the Counterfeit Goods." (*Id.* ¶ 33.) Plaintiff alleges that the use of the counterfeit Marks began after registration

of the trademarks. (*Id.* ¶ 34.)

Plaintiff initiated this action on February 25, 2023. (ECF No. 1.) On June 27, 2023, the Court granted plaintiff's motion for leave to file a First Amended Complaint ("FAC"), and plaintiff filed the FAC on the same day. (ECF Nos. 10, 11.) On December 8, 2023, plaintiff filed a motion for default judgment (ECF No. 29), which the Court denied without prejudice because plaintiff did not satisfy the second and third *Eitel* factors (ECF No. 33). Plaintiff filed a SAC on May 28, 2024, asserting claims for Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114, and Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a). (*See* ECF No. 35.) Returns of service filed October 11 and 18, 2024 indicate defendant Nagi was served by substituted service and was personally served at his home. (ECF Nos. 39, 40.)

Defendant Nagi is allegedly domiciled in and a resident of Modesto, California, is a citizen of California, and conducts and solicits business in California. (ECF No. 35 ¶ 5.) Defendant Nagi is allegedly a sole proprietor operating Cigarette Outlet Smoke Shop located in Modesto, California. (*Id.*)

Plaintiff filed a request for Clerk's Entry of Default as to defendant Nagi (ECF No. 41), and the Clerk entered default on November 8, 2024 (ECF No. 42). Plaintiff's motion for default judgment filed on January 27, 2025 (ECF No. 43) is now before the Court.[3]

## II.  LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought if that party fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). The decision to grant or deny an application for default judgment lies within the sound discretion of the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true except for the allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*,

---

[3] The Court notes that it appears the motion for default judgment filed January 27, 2025, cites to the paragraphs in FAC and not the SAC.

3

559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); *accord Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys.*, 826 F.2d at 917-18.

Default judgments are ordinarily disfavored. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In making the determination whether to grant a motion for default judgment, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

### III. DISCUSSION

#### A. Duplicative Defendants

In the SAC, plaintiff brings his claims against defendant Nagi individually and doing business as Cigarette Outlet Smoke Shop. (ECF No. 35 at 1.) Plaintiff alleges that Cigarette Outlet Smoke Shop is a sole proprietorship. (*See id.* ¶ 5.) Unlike other business entities, a sole proprietorship has no legal existence separate from its owner. *Providence Wash. Ins. v. Valley Forge Ins.*, 42 Cal.App.4th 1194, 1199 (1996) ("A sole proprietorship is not a legal entity itself. Rather, the term refers to a natural person who directly owns the business . . . .") (citation omitted). A sole proprietorship may operate under a fictitious business name, *see* Cal. Bus. & Prof. Code § 17900 *et seq.*, however, "[t]he business name is a fiction, and so too is any implication that the business is a legal entity separate from its owner." *Providence Wash. Ins.*, 42 Cal.App.4th at 1200. Since Cigarette Outlet Smoke Shop is allegedly a sole proprietorship operated by Nagi, it is legally indistinguishable from him. See *Harrison v. Portfolio Grp. Management, Inc.*, 2021 WL 2550991, at *4 (E.D. Cal. June 22, 2021); *GS Holistic, LLC v.*

4

*Nasher*, 2024 WL 1092915, at *2 (E.D. Cal. Mar. 13, 2024); *see also Sharemaster v. U.S. Sec. & Exchange Comm'n*, 847 F.3d 1059, 1066 n.4 (9th Cir. 2017). Therefore, to the extent plaintiff is bringing claims against defendant Nagi individually and doing business as Cigarette Outlet Smoke Shop, these claims are duplicative, and plaintiff's motion for default judgment against defendant Nagi doing business as Cigarette Outlet Smoke Shop should be denied. *See GS Holistic, LLC v. Nasher*, 2024 WL 1092915, at *2 (E.D. Cal. Mar. 13, 2024).

### B. Jurisdiction

When default judgment is sought, the "district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under federal trademark law, 15 U.S.C. § 1051, et seq. In addition, the Court has personal jurisdiction over defendant Nagi, who is alleged to be a California resident. (ECF No. 35, ¶ 5.) Cigarette Outlet Smoke Shop allegedly has its principal place of business in California. (*Id.*)

### C. Service of the Second Amended Complaint

In reviewing a motion for default judgment, the court must determine whether defendant was properly served with the summons and complaint. Fed. R. Civ. P. 4(c).

A return of service filed on October 18, 2024, indicates defendant Nagi was served individually at 413 W. Colony Road in Ripon, California 95366. (ECF No. 40.) Based on the information in the returns of service, it appears defendant Nagi was properly served. *See* Fed. R. Civ. P. 4(e)(2) (stating an individual may be served by delivering a copy of the summons and of the complaint to the individually personally).

### D. Application of *Eitel* Factors

"The second and third *Eitel* factors both examine the merits and sufficiency of a plaintiff's complaint, and accordingly, are often analyzed together." *Johnson v. Qolor LLC*, 2022 WL 3348589, at *1 (N.D. Cal. Aug. 12, 2022) (internal quotation marks and citations omitted). The court considers whether the allegations in the complaint are sufficient to state a claim on which plaintiff may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *PepsiCo*, 238

1  F. Supp. 2d at 1175.

2        Plaintiff brings two claims: (1) trademark counterfeiting and infringement under the Lanham Act, 15 U.S.C. § 1114 et seq., and (2) false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125 et seq. (ECF No. 35 ¶¶ 56-73.) Courts have noted there is "no material difference in the law governing relief" for these claims. *Menendez v. Saks & Co.*, 485 F.2d 1355, 1375 n.22 (2nd Cir. 1973), *rev'd sub nom. on other grounds*, *Alfred Dunhill of London, Inc. v. Republic of Cuba*, 425 U.S. 682 (1976); *Walter v. Mattel, Inc.*, 210 F.3d 1108, 1111 (9th Cir. 2000) ("The test for false designation under the Lanham Act, as well as the . . . statutory unfair competition claims, is whether there was a 'likelihood of confusion.'") (citation omitted), *modified on other grounds by Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625 (9th Cir. 2005).

      To state a claim for relief under either statute, a complaint must allege the plaintiff: (1) "has a protectible ownership interest in the mark"; (2) that defendant used the mark; and (3) "that the defendant's use of the mark is likely to cause consumer confusion." *Dep't of Parks & Rec. for State of Cal. v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006). "The test for likelihood of confusion is whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." *Dreamwerks Production Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998); *see also AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979) (setting forth eight factors of consideration) *abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prod.*, 353 F.3d 792, 810 n.19 (9th Cir. 2003). To make this determination, courts look to the eight *Sleekcraft* factors: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *Punchbowl, Inc. v. AJ Press, LLC*, 90 F.4th 1022, 1027 (9th Cir. 2024). The test set forth in *Sleekcraft* is pliant: some factors are much more important than others, and the relative importance of each is case-specific. *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999)) (noting it is often possible to

1 determine whether there is likelihood of confusion after considering a subset of factors).

2   Federal registration of a trademark or trademarks is prima facie evidence of ownership of a valid trademark. 15 U.S.C. § 1057(b); *Brookfield Commc'ns*, 174 F.3d at 1047. The SAC's allegations adequately allege a protectible interest. However, even accepting all well-pled factual allegations as true as required for default judgment motions, the SAC does not allege sufficient facts to support plausible allegations that defendant used plaintiff's Marks in an infringing or counterfeiting manner.

8   The SAC alleges that on October 18, 2022, plaintiff's investigator "purchased a Glass Infuser with a Stündenglass Mark affixed to it, from Maher Nagi d/b/a Cigarette Outlet Smoke Shop, for a cost of $250.50[.]" (ECF No. 35 ¶ 30.) Plaintiff states in a conclusory manner that an investigator purchased a glass infuser that had packaging with the Mark on it, "and it was a Counterfeit product in that it displayed the Infringing Mark." (ECF No. 35 ¶ 30.) However, plaintiff does not explain how the investigator determined the product was a counterfeit or the process the investigator used to confirm the similarities of the trademarks. Other courts have noted that if defendant is reselling plaintiff's products, this is not infringement. *See Shinwar*, 2024 WL 3890082, at *5; *GS Holistic, LLC v. Ravens Smoke Shop, Inc.*, 2023 WL 5504964, at *5 (C.D. Cal. July 10, 2023) (citing *NEC Electronics v. CAL Circuit Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987) (noting that the sale of a genuine trademarked product by an unauthorized seller is not a violation of the Lanham Act)). Also, merely asserting that the infuser sold at Cigarette Outlet Smoke Shop is a "counterfeit product" is a conclusory statement that is not taken as true. *See Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) (the court is not required to accept as true legal conclusions in a complaint "merely because they are cast in the form of factual allegations"); *see also GS Holistic, LLC v. Cigarette Outlet Smoke Shop*, 2024 WL 519783, at *2 (E.D. Cal. Feb. 9, 2024) (denying plaintiff's motion for default judgment for, among other reasons, the complaint's reliance on conclusory statements that "the Glass Infuser [defendant] sold to Plaintiff's investigator was a Counterfeit Good with an Infringing Mark affixed to it"). Plaintiff's SAC also states that defendant's use of the Marks "began after the registration of the Stündenglass Trademarks" (ECF No. 35 ¶ 34), but plaintiff does not provide any details about

7

1  when the use started.

2        Further, the SAC does not allege sufficient facts to support a plausible claim for
3  infringement regarding a consumer's likelihood of confusion. While the SAC includes pictures of
4  defendant Nagi's alleged use of the Infringing Marks (ECF No. 35-2), it does describe how it was
5  determined that these products were counterfeit; it contains no allegations of actual confusion; no
6  description of the marketing channels used; and no description of the degree of care consumers
7  will likely exercise in purchasing the goods. The SAC makes conclusory statements related to
8  confusion, such as defendant uses "images and names identical to or confusingly similar to the
9  Stündenglass Marks, to confuse customers and aid in the promotion and sale of" the allegedly
10 counterfeit goods (ECF No. 35 ¶ 38), and defendant's unauthorized use of counterfeit marks "on
11 and in connection with Defendant's offer for sale in commerce is likely to cause confusion or
12 mistake in the minds of the public" (*id.* ¶ 59). The SAC also makes conclusory statements that
13 Cigarette Outlet Smoke Shop has "distributed, provided, marketed, advertised, promoted, offered
14 for sale, and sold its water pipes under the Infringing Mark through its retail convenience store."
15 (*Id.* ¶ 42.) However, these conclusory statements lack factual support and are insufficient for the
16 purposes of default judgment. *See Paulsen*, 559 F.3d at 1071; *DIRECTV, Inc. v. Hoa Huynh*, 503
17 F.3d 847, 854 (9th Cir. 2007); *see also GS Holistic, LLC v. Bubbles Smoke Shop*, 2023 WL
18 6787773, at *4 (denying default judgment because the complaint failed to allege facts supporting
19 a *Sleekcraft* analysis and relied on conclusory statements about the likelihood of confusion).
20 Plaintiff's motion briefly references the *Sleekcraft* factors and provides photographs of the
21 allegedly counterfeit product that has the Mark and the packaging, but plaintiff does not apply the
22 applicable legal standards. ECF No. 43 at 17-18; ECF No. 43-5; *see Shinwar*, 2024 WL 3890082,
23 at *6. The Court notes that plaintiff added four additional sentences addressing the likelihood of
24 confusion element in the current motion for default judgment, compared to the prior motion, after
25 the Court's February 9, 2024 order denying the prior motion for default judgment. (*Compare* ECF
26 No. 22 at 15, *with* ECF No. 33 at 5.) However, plaintiff still had not adequately addressed the
27 factors.

28       The SAC also fails to adequately allege that defendant sold a counterfeit product because

the SAC does not describe the similarities of the marks. Instead, the SAC relies on conclusory statements such as that "[t]he marks affixed to the Counterfeit Goods that the Defendant has offered for sale are spurious marks which are identical with, or substantially indistinguishable from, the Stündenglass Trademarks" and that "[t]he marks on the Counterfeit Goods are in fact counterfeit marks as defined in 15 U.S.C. § 1116(d)." (ECF No. 35 ¶ 28.) Plaintiff's allegation that an "investigator purchased a Glass Infuser with the Stündenglass Mark affixed to it . . . and it was a Counterfeit product in that it displayed the Infringing Marks" is also a conclusory statement, which is not taken as true. *Id.* ¶ 30; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff also does not explain the types of goods defendant sold in the past, other than the one glass infuser sold to its investigator in October 2022. (ECF No. 35 ¶ 30.)

The SAC fails on the counterfeit theory as well. *See Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946 (9th Cir. 2011) (reminding that a counterfeit analysis requires analysis of whether the defendant used a non-genuine mark identical to or substantially indistinguishable from the plaintiff's registered, genuine mark, and the genuine mark was registered for use on the same goods to which the infringer applied the non-genuine mark); *see also GS Holistic, LLC v. J's Smoke Shop*, 2024 WL 1054899, at *3 (E.D. Cal. Mar. 11, 2024) (rejecting counterfeit theory on default judgment motion because of the complaint's failure to allege facts supporting the claim and otherwise reliance on conclusory assertions that defendant's goods were counterfeit).

Because the SAC fails to sufficiently plead facts supporting trademark infringement and counterfeiting, or false designation of original claims, plaintiff has failed to satisfy the second and third *Eitel* factors and the undersigned recommends denial of plaintiff's motion for default judgment.

### E. Stündenglass Marks Suits in Federal Courts

The Court notes that plaintiff has brought many similar claims about the Stündenglass Marks against other defendants, and against this same defendant and a different store. *See GS*

*Holistic, LLC v. Nagi*, 2025 WL 745826 (E.D. Cal. Mar. 7. 2025); *see also Mr Vape Smoke Shop*, 2024 WL 4545885, at *3 (collecting cases). Some judges have granted plaintiff's motions for default judgment. *See, e.g.*, *GS Holistic, LLC v. Cloud City Discount Cigarettes*, 2024 WL 3441441, at *5 (E.D. Cal. July 17, 2024) (granting default judgment in part and limiting damages to $5,000); *GS Holistic, LLC v. Nasher*, 2024 WL 1994707, at *1 (E.D. Cal. May 6, 2024) (same). But numerous other courts in the Ninth Circuit have found vague and conclusory allegations made by plaintiff to be insufficient to grant default judgment. *See, e.g.*, *Shinwar*, 2024 WL 3890082, at *8 (denying motion for default judgment without prejudice because plaintiffs allegations were vague and conclusory and did not satisfy the second and third *Eitel* factors); *Mr Vape Smoke Shop*, 2024 WL 4545885, at *3 (same); *J's Smoke Shop*, 2024 WL 1054899, at *2-3 (same); *GS Holistic, LLC v. Kings Smokeshop*, 2024 WL 150217, at *2-3 (E.D. Cal. Jan. 12, 2024) (same). For the reasons stated above, the undersigned agrees with the cases finding plaintiff's allegations vague and conclusory and that default judgment is not appropriate under the second and third *Eitel* factors.

In conclusion, the Court finds the second and third *Eitel* factors are not met and denies plaintiff's motion for default judgment. *See Akrura Pte. Ltd. v. Apero Tech. Grp.*, 2024 WL 2982971, at *1 (C.D. Cal. Apr. 16, 2024).

## ORDER

For the reasons set forth above, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for default judgment (ECF No. 43) is DENIED WITHOUT PREJUDICE;
2. The default previously entered against defendant Nagi is VACATED (ECF No. 42).

Dated: June 10, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, gsho.0281.23

10