UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC.,<br>Plaintiff,<br>v.<br>CIGARETTE OUTLET SMOKE SHOP, et al.,<br>Defendants. | No. 1:23-cv-00281-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Plaintiff GS Holistic, LLC's ("Plaintiff") motion to amend. (ECF No. 50.) Defendant Maher Nagi individually and doing business as Cigarette Outlet Smoke Shop, ("Defendant") has neither appeared in this action nor opposed the motion. For the reasons set forth below, Plaintiff's motion to amend is GRANTED.

///

///

///

///

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this trademark action on February 25, 2023. (ECF No. 1.) On June 27, 2023, the Court granted Plaintiff's motion for leave to file a First Amended Complaint ("FAC"), and Plaintiff filed the FAC on the same day. (ECF Nos. 10; 11.) On December 8, 2023, Plaintiff filed a motion for default judgment. (ECF No. 29.) The Court denied the motion for default judgment without prejudice because Plaintiff did not satisfy the second and third *Eitel* factors: the merits of Plaintiff's substantive claim and sufficiency of the complaint. (ECF No. 33.)

Plaintiff filed a Second Amended Complaint ("SAC") on May 28, 2024. (ECF No. 35.) On January 27, 2025, Plaintiff filed another motion for default judgment. (ECF No. 43.) On June 10, 2025, the Court again denied the motion without prejudice because Plaintiff did not satisfy the second and third *Eitel* factors. (ECF No. 46.)

There was no activity in the case for over six months. On December 15, 2025, the Court ordered Plaintiff to advise the Court as to current case posture and how counsel planned to proceed. (ECF No. 47.) On December 21, 2025, Plaintiff filed a status report. (ECF No. 48.)

On March 6, 2026, the court ordered Plaintiff to "file any Motion for Leave to Amend and Proposed Amended Complaint within 30 (thirty) days." (ECF No. 49.) On April 27, 2026, Plaintiff filed the instant motion to amend and proposed Third Amended Complaint ("TAC"). (ECF Nos. 50; 50-1.) The causes of action in the proposed TAC are the same as the prior complaints: Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114, and Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a). (ECF Nos. 1; 11; 35; 50-1 at 12–14).

## II. STANDARD OF LAW

Granting or denying leave to amend a complaint rests in the sound discretion of the district court. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996) (citing *Rhoden v. United States*, 55 F.3d 428, 432 (9th Cir. 1995)). Under Federal Rule of Civil Procedure ("Rule") 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has stressed Rule 15's policy of favoring amendment and has

"applied this policy with liberality." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Leave to amend should be "freely given" in the absence of reasons including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. ANALYSIS

The Court finds the Rule 15 standard is only just met. While the complaint was filed over three years ago, there are no facts before the Court that indicate Plaintiff seeks this amendment in bad faith. There is no undue prejudice to Defendant, who has not opposed the motion. The Court has twice before permitted amendment. The number of amendments and potential futility of amendment give the Court pause in granting amendment.

In Plaintiff's status report, it asserts it will file a TAC to do the following

> (i) streamline the defendant designation to avoid duplicative naming consistent with the Court's ruling; and (ii) add specific factual allegations regarding the basis for counterfeit identification, timing and manner of use, and facts relevant to likelihood of confusion including, for example, investigator methodology, mark comparisons, and marketplace context, as appropriate[;] [and] (iii) Plaintiff will concurrently or promptly thereafter file supporting declarations and exhibits from [an] investigator detailing counterfeit-identification procedures, product and packaging comparisons, and channels of trade, to address the Court's concerns noted in the June 10, 2025 order.

(ECF No. 48 at 2–3.) Plaintiff did not follow through on its status report.

First, Plaintiff did not streamline the defendant designation to avoid duplicative naming. In the Court's second order denying default, the Court explained "to the extent plaintiff is bringing claims against defendant Nagi individually and doing business as Cigarette Outlet Smoke Shop, these claims are duplicative." (ECF No. 46 at 5.) Yet, the proposed TAC has the same duplicative Defendant issue the Court highlighted in the second order denying default. The proposed SAC uses the exact same language for Defendant: "MAHER NAGI, individually and d/b/a CIGARETTE OUTLET SMOKE SHOP[.]" (ECF No. 50-1 at 1.) Plaintiff does nothing to cure the duplicative Defendant issue.

Second, Plaintiff adds some specific factual allegations regarding the basis for counterfeit identification and timing and manner of use. (*Id.* at 6–8.)

Third, Plaintiff did not file any supporting declarations from an investigator and the exhibits it attaches to the proposed TAC are the *same* as the SAC exhibits. (ECF Nos. 35-1; 35-2; 50-2; 50-3.)

Therefore, Plaintiff's proposed TAC suffers many of the same defects as its SAC. However, as the Rule 15 policy favoring amendment should be applied with "liberality," and the proposed TAC does contain *some* additional factual allegations, the Court does not find amendment futile. The Court will not prohibit Plaintiff from another bite at the apple. Nor does the Court find any other apparent reason to deny amendment.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to amend. (ECF No. 50). Plaintiff shall file the third amended complaint, a copy of which was attached to the instant motion, not later than (7) days from the electronic filing date of this Order.

IT IS SO ORDERED.

DATE: November 4, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE